UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
GARDEN CITY BOXING CLUB, INC.,
as Broadcast Licensee of the November 27,
2004 Morales/Barrera III Program,

        Plaintiff,    **REPORT &**
              **RECOMMENDATION**
  -against-
              07-CV-4479 (FB)(RER)
TAQUERIA LA MIXTECA RESTAURANT,
INC. d/b/a Paleteria La Michoacana,
SEBASTIAN RAMOS,

        Defendants.
-------------------------------------------------------X

**RAMON E. REYES, JR., U.S.M.J.:**

INTRODUCTION

  Plaintiff Garden City Boxing Club, Inc. ("Garden City") seeks an award of damages against defendants Taqueria La Mixteca Restaurant, Inc. d/b/a Paleteria La Michoacana ("La Michoacana") and Sebastian Ramos ("Ramos") for alleged violations of the Federal Communications Act of 1934, as amended, 47 U.S.C. §§ 553 and 605(a) ("FCA"). (Docket Entry 1 ¶¶ 21-36.) Garden City filed its complaint on October 26, 2007, and thereafter served La Michoacana and Ramos on November 14, 2007. (Docket Entries 1, 2 and 3.) As a result of defendants' failure to answer, Garden City moved for a default judgment. (Docket Entry 6.) The Clerk noted defendants' default on January 10, 2008. (Docket Entry 7.) On March 20, 2008, the Honorable Frederic Block granted default judgment against defendants and subsequently referred the matter to me for a report and recommendation on the issues of damages and attorneys' fees. (Docket Entry 8.) On April 4, 2008, Garden City submitted a memorandum of law in support of its request for damages. (Docket Entry 11.) For the reasons that follow, I respectfully

recommend that Garden City be awarded a judgment in the amount of $9,142 against La Michoacana and Ramos jointly and severally.[1]

## DISCUSSION

For the sake of brevity, I will dispense with the protracted explanation of the facts and law normally associated with damages inquests in cable piracy cases.[2] Suffice it to say that I have carefully reviewed the complaint and Garden City's submissions in support of its motion for a default judgment.[3] (*See* Docket Entry 12 at 3.) Those submissions and the fact that defendants are in default establish that defendants illegally intercepted the pay-per-view boxing

---

[1] I have carefully examined Garden City's submissions and find that there is a factual basis to hold Ramos liable as the owner and operator of the corporate defendant Taqueria La Mixteca Restaurant, Inc. *See Capitol Records, Inv. v. Wings Digital Corp.,* 218 F. Supp. 2d 280, 282 (E.D.N.Y. 2002) (holding that allegation that defendant president/owner of company was "responsible for the daily management, operation and financial control of the corporation" was sufficient to hold individual defendant jointly and severally liable).

[2] The facts of this case are substantially similar to those in *J & J Sports Prods., Inc. v. Echeverria*, No. 06-CV-1266 (CBA)(SMG), 2007 WL 595025, at *1 (E.D.N.Y. Mar. 16, 2007), with the main exceptions being that case was brought by a different plaintiff against different defendants operating a different type of establishment – a barbershop. Of course, the law is the same. *Id.* at *2-5.

[3] Because Garden City filed its complaint just shy of three years after becoming aware of defendants' violation, I will briefly address the issue of the period of limitations for such violations. The FCA is silent as to the period of limitations applicable to private suits brought for violations under 47 U.S.C. §§ 553, 605(a). In such instances, courts should "borrow federal rather than state limitations periods where (1) a federal rule of limitations clearly provides a closer analogy than state alternatives, and (2) the federal policies at stake and the practicalities of the litigation render the federal limitation a significantly more appropriate vehicle for interstitial lawmaking." *Manning v. Utilities. Mut. Ins. Co., Inc.*, 254 F.3d 387, 394 (2d Cir. 2001) (quoting *Phelan v. Local 305*, 973 F.2d 1050, 1058 (2d. Cir. 1992)). Thus, several courts have borrowed the three-year period of limitations from the federal Copyright Act, 17 U.S.C. §507(b), when evaluating violations under 47 U.S.C. §§ 553, 605(a). *See, e.g.*, *Prostar v. Massachi*, 239 F.3d 669, 677 (5th Cir. 2001); *Nat'l Satellite Sports, Inc. v. Time Warner Entmn't Co., L.P.*, 255 F. Supp. 2d 307, 314 (S.D.N.Y. 2003). Garden City became aware of defendants' violation on November 28, 2004 and filed its complaint on October 26, 2007. Therefore, Garden City's complaint falls within the three-year period of limitations borrowed from the Copyright Act.

match at issue and exhibited that match without authorization to the patrons at the Paleteria La Michoacana Restaurant on November 27, 2004. *E.g.*, *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (holding that, upon entry of default, defendant concedes all well-pleaded factual allegations in complaint except those relating to damages).

As for statutory damages, Garden City should be awarded judgment in the amount of $2,198. In determining the proper amount of statutory damages, a court may consider such factors as "the pecuniary loss sustained by the victim as a result of the offense, the financial resources of the defendant, . . . the financial needs and earning ability of the defendant . . . as well as the burden that a damage award would impose on the defendant relative to the burden alternative relief would impose." *Cablevision Sys. Corp. v. De Palma*, No. 87-CV-3528, 1989 WL 8165, at *6 (E.D.N.Y. Jan.17, 1989) (quoting *Cablevision Sys. Dev. Co. v. Cohen*, No. 84-CV-1155, slip. op. at *4-5 (E.D.N.Y. May 20, 1988)). In similar cases, some courts have awarded flat amounts. *See Home Box Office v. Champs of New Haven*, 837 F. Supp. 480, 484 (D.Conn. 1993) (awarding $10,000 in statutory damages); *Kingvision Pay-Per-View Ltd. v. Brito*, No. 05-CV-1042, 2006 WL 728408 (GBD)(RLE), at *2 (S.D.N.Y. Mar. 20, 2006) (awarding $5,000 in statutory damages); *Kingvision Pay-Per-View, Ltd. v. Ruiz*, No. 04-CV-6566 (DC), 2005 WL 589403, at *2-3 (S.D.N.Y. Mar. 9, 2005) (awarding $5,000 in statutory damages). Other courts have assessed damages by multiplying the number of patrons who viewed the event by the amount an individual would pay to view the program at home on a pay-per-view channel. *See Time Warner Cable of New York City v. Taco Rapido Rest.*, 988 F. Supp. 107, 111 (E.D.N.Y. 1997) (awarding statutory damages of $50 per patron); *Cablevision Sys. Corp. v. 45 Midland Enters.*, 858 F. Supp. 42, 45 (S.D.N.Y. 1994) (same).

Garden City failed to submit any evidence regarding the amount it would have cost defendants to legally exhibit the boxing match. However, in a similar case involving a telecast of the same boxing match at issue here, Garden City introduced evidence that the residential price for viewing the boxing match was $54.95. *See Garden City Boxing Club, Inc. v. Guerra*, No. 05-CV-3712 (SLT)(SMG), 2007 WL 539156, at *3 (E.D.N.Y. Feb. 16, 2007). Based on the affidavits submitted in support of the motion for a default judgment, defendants exhibited the boxing match without authorization to approximately forty patrons at the Paleteria La Michoacana Restaurant. (*See* Docket Entry 11, Ex. A.) Therefore, utilizing the per-patron method, statutory damages would be $2,198.00 ($54.95 x 40 patrons). This amount takes into account the likely pecuniary loss of Garden City and the financial resources, needs and earning ability of La Michoacana and Ramos, as well as the burden that a greater damage award would impose on the defendants. *See De Palma*, 1989 WL 8165, at *6 (quoting *Cohen*, slip. op. at 4-5)). A statutory damage award of $2,198 is consistent with other statutory damage awards that I have recommended, and district judges have adopted, in similar cases. *See Garden City Boxing Club, Inc. v. The New Cafe-Bar Antequera, Corp.*, No. 07-CV-3854 (RJD)(RER), 2008 WL 906403 (E.D.N.Y. Apr. 2, 2008); *KingVision Pay-Per-View, Ltd. v. Corniel*, No. 07-CV-355 (ILG)(RER), 2007 WL 2667449 (E.D.N.Y. Sept. 6, 2007); *KingVision Pay-Per-View Ltd. v. Los Mellizos Bar Rest. Corp.*, No. 06-CV-6251 (NG)(RER), 2007 WL 1703773 (E.D.N.Y. Jun. 8, 2007); *Garden City Boxing Club, Inc. v. Focused Enters., Ltd.*, No. 06-CV-4874 (FB)(RER), 2007 WL 1655647 (E.D.N.Y. Jun. 6, 2007); *Garden City Boxing Club, Inc. v. 704 Nostrand Corp.*, No. 06-CV-4875 (CBA)(RER), 2007 WL 608238 (E.D.N.Y. Feb. 23, 2007).

Garden City also seeks enhanced damages of $30,000 on the ground that the violation was committed wilfully and for commercial advantage or private financial gain. 47 U.S.C. §

605(e)(3)(C)(ii). (Docket Entry 11 at 17.) Willfulness is defined as "disregard for the governing statute and an indifference for its requirements." *Garden City Boxing, Inc. v. Puebla's Grocery, Inc.*, No. 06-CV-4735 (CBA)(RML), 2007 WL 4243219, at *4 (E.D.N.Y. Nov. 29, 2007) (quoting *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 127 (1985)). Defendants who intercept signals and broadcast programming without authorization "in a place of business where certain events are shown to the public" are generally held to have acted willfully and for purposes of commercial advantage. *Am. Cablevision of Queens v. McGinn*, 817 F. Supp. 317, 320 (E.D.N.Y. 1993) (quoting *Cablevision Sys. Corp. v. Maxie's N. Shore Deli Corp.*, No. 88-CV-2834, 1991 WL 58350, at *2 (E.D.N.Y. Mar. 20, 1991)). Courts consider a number of factors to determine whether a defendant's willful conduct warrants enhanced damages. These factors include: "repeated violations over an extended period of time; substantial unlawful monetary gains; significant actual damages to plaintiff; defendant's advertising for the intended broadcast of the event; [and] defendant's charging a cover charge or charging premiums on food and drinks." *Garden City Boxing Club, Inc. v. Espinal*, No. 05-CV-3762 (CBA)(MDG), 2008 WL 2078151, at *5 (E.D.N.Y. May 15, 2008) (quoting *Kingvision Pay-Per-View, Ltd. v. Recio*, No. 02-CV-6853, 2003 WL 21383826, at *5 (S.D.N.Y. Jun. 11, 2003)).

Garden City's complaint and supporting affidavits establish that La Michoacana is a commercial establishment that publicly exhibited the boxing match to its patrons without authorization. (Docket Entry 1 ¶¶ 15-19; Docket Entry 11, Ex. A.) In addition, La Michoacana exhibited a sign on its windows advertising the boxing match and charged a $12 cover fee for admission that night. (Docket Entry 11, Ex. A.) Garden City's submissions support the inference that on November 27, 2004, defendants exhibited the boxing match in order to attract customers to patronize La Michoacana in an effort to obtain a commercial advantage or private

5

financial gain. Thus, I find that Garden City has met its burden in proving that defendants acted willfully to intercept the boxing match without authorization.

In light of the facts of this particular case, Garden City should be awarded enhanced damages in the amount of $6,594, or three times the amount of the statutory award. Given the default, there is little information in the record to assess defendants' financial circumstances. However, based on the description of the premises provided by Garden City (*see* Docket Entry 11, Ex. A), I am confident that such an award sufficiently penalizes La Michoacana and Ramos without imposing undue financial hardship. This amount is sufficient to both redress the harm caused by defendants' activities, as well as to deter future violations, particularly where, as here, there is no evidence to suggest that the defendants have engaged in any other pay-per-view theft violations. Such an award of enhanced damages is consistent with those of other courts with similar cases. See *Puebla's Grocery, Inc.*, 2007 WL 4243219, at *4 (awarding enhanced damages in the amount of three times the statutory damage award where there was no evidence that defendants engaged in any other pay-per-view theft violations); *Kingvision Pay-Per-View, Ltd. v. Echeverria*, No. 06-CV-1266 (CBA)(SMG), 2007 WL 595025, at *4 (E.D.N.Y. Feb. 22, 2007) (same); *Time Warner Cable of New York City v. Googies Luncheonette, Inc.*, 77 F. Supp. 2d 485, 491 (S.D.N.Y. 1999) (same).

The FCA mandates the award of reasonable attorneys' fees and costs to a prevailing party. *See* 47 U.S.C. § 605(e)(3)(B)(iii). In this Circuit, however, a request for attorneys' fees must be supported by contemporaneous time records that show "for each attorney, the date, the hours, expended, and the nature of the work done." *New York Ass'n for Retarded Children, Inc, v. Carey*, 711 F.2d 1136, 1147 (2d Cir. 1983). Because Garden City has not submitted any contemporaneous time records, an award of attorneys' fees should be denied without prejudice

until Garden City submits the required documentation.[4]  However, Garden City should be awarded $350 in costs for bringing this action.  *See, e.g.*, *704 Nostrand Corp.*, 2007 WL 608238, at *4; *J&J Sports Prods., Inc. v. Louisias*, No. 06-CV-339 (ERK)(RER), 2006 WL 1662608, at *6 (E.D.N.Y. May 16, 2006).

## RECOMMENDATION

For the reasons set forth above, I respectfully recommend that the Court award Garden City $9,142 in damages against La Michoacana and Ramos jointly and severally, comprising $2,198 in statutory damages, $6,594 in enhanced damages and $350 in costs.  Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Frederic Block within ten business days of receipt hereof.  Failure to file timely objections may waive the right to appeal the District Court's Order.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).  Garden City is hereby directed to serve copies of this Report and Recommendation upon La Michoacana and Ramos by next-day mail by June 3, 2008 at each of their last known addresses, and to promptly file proof of service with the Clerk of the Court.

**Dated: May 30, 2008**
   **Brooklyn, New York**

*Ramon E. Reyes, Jr.*
**Ramon E. Reyes, Jr.**
**United States Magistrate Judge**

---

[4] I note that Garden City's counsel have consistently failed to submit the required contemporaneous time records in similar default motions.  *See, e.g.*, *Garden City Boxing, Inc. v. Puebla's Grocery, Inc.*, No. 06-CV-4735 (CBA)(RML), 2007 WL 4243219, at *6 (E.D.N.Y. Nov. 29, 2007); *Garden City Boxing Club, Inc. v. 704 Nostrand Corp.*, No. 06-CV-4875 (CBA)(RER), 2007 WL 608238, at *4 (E.D.N.Y. Feb. 23, 2007).